1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE GOMEZ,                        Case No. 1:23-cv-01696-NODJ-EPG

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                             THAT PLAINTIFF'S COMPLAINT BE
13        v.                                 DISMISSED

14   KATHY CIUFFINI,                         OBJECTIONS, IF ANY, DUE WITHIN
                                             TWENTY-ONE DAYS
15              Defendants.
                                             (ECF No. 1)
16

17                                           ORDER STAYING LITIGATION PENDING
                                             RESOLUTION OF FINDINGS AND
18                                           RECOMMENDATIONS AND VACATING
                                             INITIAL SCHEDULING CONFERENCE
19

20

21        Michelle Gomez ("Plaintiff"), proceeding *pro se*, initiated this action by filing a complaint

22   on December 8, 2023.[1] (ECF No. 1). Plaintiff alleges claims against Defendant Kathy Ciuffini, a

     state court judge, for violations of the First, Fifth, Ninth, and Fourteenth Amendments pursuant to
23
     42 U.S.C. §1983. Plaintiff's claims challenge the state court decision rendered by Defendant
24
     regarding Plaintiff's application to place her mother in a conservatorship and Plaintiff's petition
25
     as beneficiary.
26
     _____
27   [1] Plaintiff has paid the applicable filing fee. On December 18, 2023, the Clerk's office issued summons and new case
     documents. (ECF Nos. 3 & 4). Plaintiff has also filed a motion for permission to use electronic case filing (ECF No.
28   2), which the Court will address in a separate order.

                                                   1

Upon review of Plaintiff's complaint, the Court finds that Plaintiff's claims are barred by the doctrine of judicial immunity and the Eleventh Amendment. Thus, the Court recommends that Plaintiff's complaint be dismissed. Further, because amendment cannot cure these defects, the Court also recommends that Plaintiff not be given leave to amend.

## I.      SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that the Court has jurisdiction of this matter under 42 U.S.C. § 1983 based on violations of rights protected by the First, Fifth, Ninth, and Fourteenth Amendments. (ECF No. 1, p. 3). Plaintiff seeks to sue Defendant Kathy Ciuffini, a state court judge, in her official capacity. (*Id.*, p. 2).

Plaintiff alleges that Defendant violated her constitutional rights under color of federal law "[b]y violating the petitioner's due process." (*Id.*, p. 4). Plaintiff alleges that Defendant "obstructed the submission of evidence and the admission of witness declarations intended to support the petition presented to the courts," "denied the petitioner a fair and impartial hearing on the petition by not ensuring a comprehensive and equitable review," and "penalized the petitioner for exercising her beneficiary rights by imposing an excessively severe financial judgment against her." (*Id.*)

Plaintiff alleges that between 2022-2023 she "initiated a Conservatorship of the Person application on behalf of her mother, Tulia Gomez" in the Superior Court of California, Kings County (*Id.*) Plaintiff alleges that "the petition never underwent proper consideration." (*Id.*) Plaintiff alleges that "[d]espite the petitioner's earnest attempt to present evidence and witness testimonials supporting the petition, the defendant consistently denied such submissions." (*Id.*) Plaintiff further alleges as follows:

> The petitioner voiced concerns about fraud, financial hardships, elder abuse, and medical neglect, yet these critical issues were not afforded a fair and impartial hearing. Subsequently, the petitioner, invoking her beneficiary rights, sought a comprehensive estate accounting. In response, the defendant not only neglected to compel the opposing side to produce necessary documents but also imposed a judgment against the petitioner, resulting in a substantial financial burden. Due to this negligence, Tulia Gomez, diagnosed with dementia, currently resides in a facility ill-equipped to provide adequate care for someone with such medical needs.

(*Id.*)

Plaintiff alleges that she has suffered the following injuries related to the above events:

"Mental and Emotional Duress- Pastoral Counseling, Deprivation of Civil Rights- Pastoral Counseling, Oppression- Pastoral Counseling." (*Id.*, p. 5).

Plaintiff seeks monetary and punitive damages. Plaintiff also seeks the following relief from the Court:

> Liberate me from the burdens imposed by the defendant's mistakes. Grant relief from the restriction of my mother in a facility that lacks the appropriate care for her medical condition. Revoke the unjust judgment that has inflicted financial hardships and oppression upon the petitioner. Declare the defendant responsible for the injuries and violations outlines in this petition. Additionally, provide any necessary compensation for the distress, oppression, and infringements on my person and rights caused by the defendant.

(*Id.*)

## II.      LEGAL STANDARDS

The Court may dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)); *see also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief") (citing *Wong*, 642 F.2d at 361-62). A case "fits within *Wong*" when it "raises nearly indecipherable claims that, to the extent they are decipherable, are frivolous, do not give rise to federal court jurisdiction, or name parties who enjoy absolute immunity. *Parker v. Arizona*, No. CV-21-01143-PHXDJH, 2021 WL 3623148, at *1 (D. Ariz. Aug. 9, 2021), *appeal dismissed*, No. 21-16325, 2021 WL 6884870 (9th Cir. Dec. 8, 2021).

## III.      ANALYSIS OF PLAINTIFF'S COMPLAINT

Upon review of Plaintiff's complaint, the Court finds that Plaintiff's claims against Defendant are subject to *sua sponte* dismissal because Defendant is entitled to judicial immunity and because Plaintiff's claims are barred by the Eleventh Amendment. Thus, the Court will recommend that Plaintiff's claims be dismissed.

### A.      Judicial Immunity

Plaintiff's claims against Defendant are barred by the doctrine of judicial immunity.

"Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297

F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). Absolute judicial immunity is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted). "Allegations of malice or bad faith in the execution of the [judicial] officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Id.* Judicial immunity applies in actions brought under § 1983. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Plaintiff asserts claims against a state court judge for judicial acts performed in her role as a judge. Because Plaintiff's allegations against Defendant are related to the judicial process, Plaintiff's claims against Defendant are barred by the doctrine of judicial immunity. Thus, Plaintiff fails to state a claim upon which relief can be granted.

### B.     Sovereign Immunity

Plaintiff's claims against Defendant are also barred by the Eleventh Amendment.

"The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016); *see also Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). "State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity." *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021). The Eleventh Amendment applies to state court judges. *See id.* ("The Eleventh Amendment thus applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity."); *see also Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

"The Eleventh Amendment does not permit retrospective declaratory relief." *Lund*, 5 F.4th at 969 (citing *Arizona Students' Ass'n*, 824 F.3d at 865). "[I]n general, 'relief that in essence serves to compensate a party injured in the past by an action of a state official in his official

capacity that was illegal under federal law is barred even when the state official is the named defendant,' while 'relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.'" *Id.* at 970 (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)).

Here, Plaintiff seeks monetary damages for alleged violations committed by Defendant in her official capacity as a state court judge. Plaintiff also seeks retrospective declaratory relief from a state court judgment issued by Defendant. Accordingly, Plaintiff's claims against Defendant are barred by the Eleventh Amendment. Thus, Plaintiff fails to state a claim upon which relief can be granted.

## IV.   LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure "provides that leave to amend should be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 ... to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). As discussed above, Plaintiff's claims against Defendant are directly based upon Defendant's actions performed in her role as a state court judge. Because such claims are barred by both the Eleventh Amendment and the doctrine of absolute judicial immunity, the Court finds that amendment would be futile. Accordingly, the Court will recommend that Plaintiff not be given leave to amend.

## V.   RECOMMENDATIONS AND ORDER

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1.     Plaintiff's complaint be dismissed without leave to amend.

2.     The Clerk of Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

5

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

   In light of these recommendations, IT IS ORDERED that all pleading, discovery, and motion practice in the action are STAYED pending resolution of the findings and recommendations, with the exception that Plaintiff may file objections to the findings and recommendations. Further, the Court VACATES the initial scheduling currently set for March 19, 2024. (ECF No. 4).

IT IS SO ORDERED.

   Dated:   **January 9, 2024**                  /s/ *Erica P. Grosjean*
                                       UNITED STATES MAGISTRATE JUDGE